**ZHONG MEI CAI, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,\* Respondent.**

**No. 08–1550–ag.**

United States Court of Appeals, Second Circuit.

July 17, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

George G. Katsas, Assistant Attorney General; Linda S. Wernery, Assistant Director; Daniel Glenn Lonergan, Trial Attorney, Civil Division, Office of Immi-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Attorney General Michael B. Mukasey as respondent in this case.

gration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Zhong Mei Cai, a native and citizen of the People's Republic of China, seeks review of a March 18, 2008 order of the BIA denying her motion to reopen. *In re Zhong Mei Cai,* No. A77 293 242 (B.I.A. Mar. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Cai's untimely motion to reopen or in finding her ineligible to file a successive asylum application.

Cai also argues that the BIA erred in concluding that she failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing her motion to reopen or her *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Cai asserts that the BIA abused its discretion when it found that her failure to authenticate the Yuandai Village Committee notice diminished the weight of that document. While it is true that the agency errs when it rejects a document solely based on her failure to properly authenticate it pursuant to 8 C.F.R. § 287.6, *see Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 403 (2d Cir.2005), the BIA did not abuse its discretion in declining to accord more weight to Cai's unauthenticated evidence where it also found that the notice was not an original document and bore no signature or any other indication of its author, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

We further note that the 1988–2007 fine schedule for violations of the family planning policy in the record neither demonstrates a change in country conditions nor indicates that it is the fine schedule for Cai's home province.

Finally, the BIA's determination that Cai was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that

the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).